UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

KEITHYON REGINALD NELSON,

Plaintiff,

V.

COMMONWEALTH OF KENTUCKY, *et al.*,

Defendants.

Civil Action No. 5: 23-014-KKC

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

Keithyon Reginald Nelson is a resident of Lexington, Kentucky. Proceeding without an attorney, Nelson has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants the Commonwealth of Kentucky, Heidi Engle, and "Jessica Unknown" [R. 1] and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 2] The financial information contained in Nelson's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. The Court will therefore grant his motion to proceed *in forma pauperis*.

Because the Court has granted Nelson permission to proceed without prepayment of the filing fee, the Court must conduct a preliminary review of Nelson's complaint pursuant to 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Nelson's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal

claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Nelson states that he was previously incarcerated at the Clark County Detention Center in Winchester, Kentucky, from May 2018 through January 25, 2022, and that he was recently released from incarceration. [R. 1 at p. 4] He states that "during all court dates from May 2018-January 2022," his rights were violated on numerous occasions. [*Id*. at p. 5] He makes references to "neglected treatment, appointments, and confidentiality," "life and health put in danger/at risk," and "pain and suffering." [*Id*.] He also states that his medical needs, mental health, and physical health were not taken seriously and he was neglected or mistreated in all areas. [*Id*.] He claims violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteen, and Fourteenth Amendments. [*Id*. at p. 3] As relief, he requests reimbursement for money spent on him by his family and friends, reimbursement "for every day taken from me," payment for any treatment he needs, and payment for all work that he could have done if he had not been incarcerated. [*Id*. at p. 5] As Defendants to his claims, he identifies the Commonwealth of Kentucky, Heidi Engle and "Jessica ?," both of whom he identifies as prosecuting attorneys employed by the Commonwealth of Kentucky. He seeks to sue Engle and Jessica in both their official and individual capacities. [*Id*. at p. 2-3]

However, Nelson's complaint will be dismissed for failure to state a claim for which relief may be granted, as the Defendants that he sues are obviously immune from his claims. In addition to the Commonwealth of Kentucky, Nelson sues Engle and Jessica (both of whom he identifies as prosecuting attorneys employed by the Commonwealth) in their official capacities. "Official-capacity suits…'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell*

*v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). Thus, Nelson's "official capacity" claims against Engle and Jessica are construed as claims against the Commonwealth's Attorney's Office.

However, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018). Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019). *See also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63-67, 71 (1989).

The Commonwealth of Kentucky itself is plainly entitled to immunity. In addition, the Commonwealth's Attorney's Office qualifies as an "arm of the state" for Eleventh Amendment purposes. *Joseph v. Office of Perry Cty. Com. Attorney*, No. 6:14-cv-97-KKC, 2014 WL 2742796, at *2 (E.D. Ky. June 16, 2014) ("The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit against the office may be legitimately classified as brought against the Commonwealth.") (internal quotation marks omitted). Thus, Nelson may not bring constitutional claims seeking monetary relief pursuant to § 1983 against the Commonwealth or Engle and/or Jessica in their official capacities.

Nelson's claims against Engle and Jessica in their respective individual capacities as prosecuting attorneys fare no better, as they are barred by the absolute prosecutorial immunity enjoyed by prosecutors for their actions central to the judicial proceeding against

defendants. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-46 (2009); *Adams v. Hanson*, 656 F. 3d 397, 401-03 (6th Cir. 2011). Nelson does not make any allegation that either Engle or Jessica engaged in any conduct unrelated to the judicial proceedings against Nelson. In fact, Nelson does not make any allegation of any specific conduct by either Engle or Jessica *at all*, and a defendant's personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Indeed, even a pro se plaintiff "must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

For all of the foregoing reasons, Nelson's complaint fails to state a claim for which relief may be granted against any of the named Defendants, thus it will be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

1. Nelson's motion to proceed in forma pauperis [R. 2] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**;
2. Nelson's Complaint [R. 1] is **DISMISSED** for failure to state a claim for which relief may be granted;
3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and
4. A corresponding Judgment will be entered this date.

This 9th day of February, 2023.




KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY